### CITY OF NEW YORK v. COMPTON.

#### (Supreme Court, Appellate Term.  July 6, 1900.)

PENALTIES—DELIVERY OF COAL—ENTIRE CARGO.

> Laws 1897, c. 174, § 3, provides that where an entire cargo of coal is delivered direct from the vessel to one destination, and is "accepted by the purchaser on the original bill of lading as proof of weight," one of the original bills of lading, showing the weight, shall be delivered to such purchaser, and imposes a penalty for its violation.  *Held*, that where the purchaser did not rely on the bill of lading as proof of weight, but weighed the coal himself, the statute did not apply, and hence the seller was not liable for failure to deliver one of the bills of lading.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by the city of New York against Oscar Compton.  From a judgment for plaintiff, defendant appeals.  Reversed.

Argued before TRUAX, P. J., and SCOTT and DUGRO, JJ.

A. Campbell, for appellant.

J. Whalen, for respondent.

PER CURIAM.  This is an action to recover a penalty under the third section of an act of somewhat unusual character, known as chapter 174 of the Laws of 1897.  The section provides that it shall be unlawful for any person, firm, or corporation delivering coal in cities of the first and second class to make such delivery without at the same time furnishing to the purchaser a ticket indicating in pounds the amount of coal contained in any cart, wagon, or other vehicle used in such delivery.  Then follows the provision of the section which the defendant is accused of violating, which reads as follows:

> "The following provision of this section shall not apply to coal delivered by the entire cargo direct from the vessels containing the same to one destination and accepted by the purchaser on the original bill of lading as proof of weight; but with every such delivery of an entire cargo of coal in any city of the first and second class, there shall be delivered to the purchaser thereof one of the original bills of lading issued by the person, firm or corporation by whom the coal was loaded into the vessel from which such coal is delivered to the purchaser of the entire cargo thereof, in each of which bills of lading there shall be in ink or other indelible substance distinctly expressed, the date and place of loading such cargo, and the number of pounds contained therein."

For the violation of this section a penalty not exceeding $50 may be imposed.  The section, and indeed the whole act, is highly penal, and, in order to justify the imposition of a penalty under it, the violation must be precisely established.  The charge against the defendant is that he failed to deliver an original bill of lading to one Charles A. Fuller, the manager of the Hotel Endicott, in the city of New York, to whom he sold and delivered the entire cargo of coal contained in a boat called the "Clara."  Fuller testified that he bought the cargo of coal from some unidentified person, whom he described as the defendant "young man,—his representative."  Just what the transaction was with this young man does not clearly appear.  It does appear, however, that before the sale had been consummated, or any delivery made, this defendant, both verbally and in writing, notified Fuller that

he could not deliver the whole cargo, but that he could deliver 100 or 150 tons out of the cargo, which amounted in all to some 250 tons or more. He offered to have the boat towed to Seventy-Ninth street, so that Fuller could take off his 100 or 150 tons, and then said, "We will take your weights and averages, or you can take the weight of balance as weighed by them." The word "them" referred to other parties who wanted this coal. Fuller accepted this proposition, but did not keep faith with defendant, because, after the boat had been towed to Seventy-Ninth street, without the knowledge of defendant, he took, not the 100 or 150 tons agreed upon, but the whole cargo. He did, however, accept the defendant's suggestion as to the method of ascertaining the amount of coal he received; for, as he testifies, he weighed some of it, and averaged the rest up, kept one return of weights, and sent the other to the defendant.

On this state of facts, the judgment imposing a penalty on defendant cannot be sustained. Passing by the question whether the defendant can be said to have "delivered" the whole cargo when Fuller took it in opposition to the defendant's injunction that he should not take more than 100 or 150 tons, we come to an examination of what the statute requires. It provides that an original bill of lading shall accompany "every such delivery of an entire cargo of coal." What is meant by every "such delivery" is clearly shown by the preceding sentence. It meant the delivery of an entire cargo from the vessel containing the same to one destination; and "accepted by the purchaser on this original bill of lading as proof of weight." That is to say, if a purchaser buys a cargo of coal in the belief that it contains a certain number of tons or pounds, and relies on the bill of lading as proof of the weight, then he is entitled to receive the bill of lading; it being the evidence of weight on which he has relied, and upon the basis of which the bargain was made. The purchaser in the present case did not accept the cargo on the original bill of lading as proof of weight, but weighed the coal as he received it. To such a transaction neither the letter nor the spirit of the statute applies. The plaintiff wholly failed to make out a case justifying the imposition of a penalty upon this defendant, and the judgment must be reversed, with costs.